UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LYNDA THOMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE, LLP, d/b/a SAGACIOUS CONSULTANTS, LLC, and DB HEALTHCARE, INC.,<br><br>Defendants. | Civil Action No. 2:18-cv-13128<br><br><br><br>**COLLECTIVE ACTION COMPLAINT** |

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

### COLLECTIVE ACTION COMPLAINT

Plaintiff Lynda Thomas ("Plaintiff" or "Thomas"), through her undersigned counsel, individually and on behalf of all others similarly situated, files this Collective Action Complaint against Defendants Accenture, LLP, d/b/a Sagacious ("Accenture") and DB Healthcare, Inc. ("DB Healthcare") (together, "Defendants"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

### PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking payment of back wages, including

unpaid overtime wages in violation of state law. Plaintiff, individually and on behalf of the FLSA Collective, defined below, also seek their liquidated damages for the failure to pay wages, attorneys' fees and costs, and all other relief the Court deems proper.

2. Plaintiff alleges that she and other similarly situated Consultants were knowingly and improperly classified as independent contractors or exempt employees, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Plaintiff was employed by Accenture in Detroit, Michigan, in this judicial district, and therefore a substantial part of the events giving rise to Plaintiff's claims took place in this district.

## PARTIES

5. Plaintiff Lynda Thomas is an individual residing in Southfield, Michigan.

6. Plaintiff worked for Accenture as a Consultant providing support and training to Accenture's clients in using a new recordkeeping system at Henry Ford

Hospital in Detroit, Michigan between approximately October 1, 2015 and October 14, 2015.

7. Plaintiff worked for Accenture and DB Healthcare at Mercy Health in Barberton, Ohio between approximately May 13, 2016 and May 27, 2016.

8. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to participate in this action. *See* Ex. A.

9. Accenture is an Illinois limited liability partnership. Among other services, Accenture's work includes providing information technology educational services for the healthcare industry across the country. Accenture maintains its principal office at 161 N. Clark Street, Chicago, IL 60601. Accenture also has offices in Detroit, Michigan and Livonia, Michigan, both of which are in this District.

10. DB Healthcare is a Massachusetts incorporation. DB Healthcare specializes in consulting and providing staff augmentation services to hospitals, health insurance companies, pharmaceutical, biotechnology, clinical research, genomics and medical devices companies nationwide. DB Healthcare maintains its principal office at 5 Germano Way, Andover, MA 01810.

11. Defendants recruit and employ Consultants to work on healthcare projects at their clients' hospitals and medical centers.

12. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working

3

on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

13. Defendants' annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE ACTION DEFINITION

14. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for Defendants providing training and support to Defendants' clients in using electronic recordkeeping systems in the United States from October 5, 2015 to the present and who did not receive overtime compensation when they worked more than forty (40) hours per week (the "FLSA Collective", "Collective" or "Consultants").

15. Plaintiff reserves the right to redefine the FLSA Collective prior to notice and certification, and thereafter, as necessary.

## FACTS

16. Accenture is global professional services company that, among other things, provides training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems.

17. Accenture works with DB Healthcare to hire Consultants such as Plaintiff, to perform such training and support services throughout the United States.

4

18. Defendants determine the schedules for Plaintiff and other Consultants, approve any requests for expense reimbursements or for time off, and approve the hours worked by Consultants.

19. Defendants provided Plaintiff and other Consultants with a contract setting out the terms of their work.

20. Defendants provided Plaintiff and other Consultants with instructions regarding the work to be performed on their project assignments, and the process to be followed at the conclusion of the project assignment, as well as daily updates to the Consultants' schedules.

21. Defendants communicated with Plaintiff and other Consultants regularly during the course of a project assignment.

22. Defendants' financial results are significantly driven by the number of Consultants performing training and support services for Defendants' customers, and the fees that Defendants charge the customers for these services.

23. Between approximately October 1 and October 14, 2015, Plaintiff was assigned by Accenture to provide educational and support services to healthcare staff at Henry Ford Hospital in Detroit, Michigan.

24. At Henry Ford Hospital, Plaintiff worked along side and was interchangeable with one hundred or more other workers doing the same work.

25. During her placement through Accenture at Henry Ford Hospital, Plaintiff worked over 40 hours per week.

26. When Plaintiff was paid for the Henry Ford project on or about October 21, 2015, her pay did not include the overtime premium.

27. Between approximately May 13 and May 27, 2016, Plaintiff was assigned by Defendants to provide educational and support services to healthcare staff at Mercy Health in Barberton, Ohio.

28. At Mercy Health, Plaintiff worked along side and was interchangeable with one hundred or more other workers doing the same work.

29. During her placement through Defendants at Mercy Health, Plaintiff worked over 40 hours per week.

30. When Plaintiff was paid for the Mercy Health project on or about June 10, 2016, her pay did not include the overtime premium.

31. Plaintiff was classified by Defendants as an independent contractor and was paid solely on a straight hourly basis. Although she routinely worked more than forty hours a week, she did not receive overtime for hours worked in excess of forty a week.

- **Plaintiff and Members of the Collective are Employees as a Matter of Economic Reality**

32. Work performed by Plaintiff and Collective Members is an integral part of Defendants' business. Defendants are in the business of providing information

6

technology educational services to the healthcare industry. Plaintiff and Collective Members provide support and training to Defendants' clients in connection with the implementation of new electronic recordkeeping systems.

33. Plaintiff's and Collective Members' duties do not involve managerial work. They follow the training provided to them by Defendants in performing their work, which is basic training and support in using electronic recordkeeping systems.

34. Plaintiff and Collective Members do not make any significant relative investments in relation to their work with Defendants. Defendants provide the training and equipment required to perform the functions of their work.

35. Plaintiff and the Collective Members have little or no opportunity to experience a profit or loss related to their employment. Defendants pay Plaintiff and the Collective Members a fixed hourly rate. Plaintiff and the Collective Members do not share in Defendants' monetary success; their income from their work is limited to their hourly rate.

36. Plaintiff's and Collective Members' work does not require special skills, judgment, or initiative. Defendants provide training to Plaintiff and Collective Members, which they use to provide training and support to Defendants' clients.

37. Plaintiff and Collective Members are economically dependent on Defendants. Plaintiff and Collective Members are entirely dependent upon

7

Defendants for their business, as they are not permitted to perform services for any other company during their time working for Defendants.

38. Plaintiff and Collective Members are not customarily engaged in an independently established trade, occupation, profession or business.

39. Plaintiff and Collective Members typically enter into successive projects for Defendants.

40. Plaintiff and Collective Members have little or no authority to refuse or negotiate Defendants' rules and policies; they must comply or risk discipline and/or termination.

41. Defendants instruct Plaintiff and Collective Members concerning how to do their work and dictate the details of the performance of their jobs. For example:

   a. Defendants, not Plaintiff or Collective Members, conduct all of the billing and invoicing to Defendants' clients for the work. Defendants bill the third-party customers directly;

   b. Plaintiff and Collective Members have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between Defendants and the third-party client;

   c. Defendants require Plaintiff and Collective Members to work the entire project from inception to conclusion;

   d. Defendants provide all training needed for Plaintiff and Collective

        Members to perform their work; and

    e. Defendants require Plaintiff and Collective Members to perform in accordance with Defendants' policies, manuals, standard operating procedures and the third-party client's requirements.

42. Plaintiff and Collective Members have to request Defendants' approval for time off. Defendants have the discretion to grant or deny such requests.

- **Plaintiff and Members of the FLSA Collective are not Exempt as "Computer Employees" under the FLSA**

43. Plaintiff and Members of the FLSA Collective provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiff has no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiff and Members of the FLSA Collective were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

44. Plaintiff's and Collective Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow." Plaintiff's and Collective Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Members of the FLSA Collective did not analyze, consult or determine

9

hardware, software programs or any system functional specifications for Defendants' clients. *See id.*

45. Plaintiff and Members of the FLSA Collective did not consult with Defendants' customers to determine or recommend hardware specifications. Plaintiff and Members of the FLSA Collective did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

46. While Plaintiff's and the FLSA Collective Members' work involved the use of computers, they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Members of the FLSA Collective provided support and training in using electronic recordkeeping systems to Defendants' clients.

- **Plaintiff and Members of the FLSA Collective Routinely Worked in Excess of 40 Hours a Week**

47. Plaintiff and Members of the FLSA Collective routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

48. Plaintiff and Members of the FLSA Collective were paid only a straight hourly rate.

10

49. Plaintiff and Members of the FLSA Collective were not provided with overtime compensation at the rate of one and one-half (1 ½) times their regular pay rate, when they worked more than forty (40) hours per week, as required by the FLSA.

50. Plaintiff and Members of the FLSA Collective were not paid on a salary basis.

- **Defendants Willfully Violated the FLSA**

51. Defendants had no reasonable basis to believe that Plaintiff and the members of the FLSA Collective were exempt from the requirements of the FLSA. Rather, Defendants either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and the FLSA Collective as exempt from the overtime provisions of the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendants' actions and/or failures to act, including the following:

    a. At all times relevant hereto, Defendants maintained payroll records which reflected the fact that Plaintiff and the FLSA Collective did, in fact, regularly work in excess of 40 hours per week, and thus, Defendants had actual knowledge that Plaintiff and the FLSA Collective worked overtime;

    b. At all times relevant hereto, Defendants knew that they did not pay

Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

c. As evidenced by their own job offer letters and training materials for Consultants, at all times relevant hereto, Defendants were aware of the nature of the work performed by their Consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by Defendants' clients, providing basic training and support;

d. As evidenced by their own job offer letters and training materials for Consultants, Defendants knew and understood that they were subject to the wage requirements of the FLSA as "employers" under 29 U.S.C. § 203(d).

e. At all times relevant hereto, Defendants were aware that their Consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

    f. Defendants lacked any reasonable or good faith basis to believe that their Consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Defendants deliberately misclassified their Consultants as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

    g. At all times relevant hereto, Defendants were aware that they would (and, in fact did) benefit financially by failing to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

    h. Thus, Defendants had (and have) a strong financial motive to violate the requirements of the FLSA by misclassifying their Consultants as exempt from the overtime requirements of the FLSA.

52. Based upon the foregoing, Defendants were cognizant that, or recklessly disregarded whether, their conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

54. Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

55. Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendants' common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common misclassification, compensation and payroll practices.

56. The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

57. Defendants misclassified Plaintiff and FLSA Collective Members as exempt from the overtime requirements of the FLSA and failed to provide them overtime compensation for hours worked in excess of 40 a week.

58. The similarly situated employees are known to Defendants, are readily identifiable, and can easily be located through Defendants' business and human resources records.

59. Defendants employ many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through electronic mail, U.S. Mail, and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

### COUNT I
### FLSA – Overtime Wages
### (On Behalf of Plaintiff and the FLSA Collective)

60. All previous paragraphs are incorporated as though fully set forth herein.

61. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

62. Defendants are subject to the wage requirements of the FLSA because Defendants are "employers" under 29 U.S.C. § 203(d).

63. At all relevant times, Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

64. During all relevant times, Plaintiff and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

65. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

66. Plaintiff and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

67. Defendants, pursuant to their policies and practices, failed and refused to pay overtime compensation to Plaintiff and the FLSA Collective members for their overtime hours worked by misclassifying Plaintiff and the FLSA Collective as exempt from the overtime requirements of the FLSA.

68. Defendants knowingly failed to compensate Plaintiff and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

69. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

70. In violating the FLSA, on information and belief, Defendants did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief on behalf of herself and the members of the FLSA Collective:

    a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

Dated: October 5, 2018

Respectfully submitted,
LYNDA THOMAS, individually and on behalf of others similarly situated

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Shanon J. Carson*
Sarah R. Schalman-Bergen*
Alexandra K. Piazza*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

17

Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

*Attorneys for Plaintiff
and the Proposed Collective*

*\*Application for admission to be filed.*